Filed 3/5/14  P. v. Haro CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GERARDO HARO,<br><br>    Defendant and Appellant. | B245522<br><br>(Los Angeles County<br>Super. Ct. No. NA092257) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles Sheldon, Judge.  Affirmed.

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews  and Brendan Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Pursuant to a plea bargain, defendant Gerardo Haro pled no contest to three counts of robbery and admitted corresponding enhancement allegations in return for the court's dismissal of two counts of sexual battery which carries a sex offender registration requirement. Later, a disagreement arose between Haro and his public defender over Haro's desire to withdraw his plea. Haro's counsel refused to move to withdraw the plea and Haro sought to have her replaced under *People v. Marsden* (1970) 2 Cal.3d 118. When the trial court denied the *Marsden* motion Haro immediately requested leave to represent himself under *Faretta v. California* (1975) 422 U.S. 806. The trial court granted Haro's *Faretta* motion, denied his motion to withdraw his plea and entered judgment in accordance with the plea bargain.

On appeal Haro argues the judgment and orders described above should be reversed because he did not knowingly and intelligently waive his constitutional right to counsel.

We need not decide whether the trial court erred in granting Haro's request to proceed in pro per because we conclude beyond a reasonable doubt that Haro would not have obtained a more favorable result on his motion to withdraw his plea if the court had denied his request to proceed in pro per.[1] In that event, no motion to withdraw the plea would have been made because Haro would still have been represented by the same deputy public defender who refused to file the motion for the reasons she stated at the *Marsden* hearing. The result would be the same: the plea would not be withdrawn and judgment would be entered in accordance with the terms of the agreement.

---

[1] Our Supreme Court has not determined whether the absence of a knowing and intelligent waiver of the right to counsel is reversible per se or whether the error should be analyzed under the "harmless beyond a reasonable doubt" standard of *Chapman v. California* (1967) 386 U.S. 18, 24; the Courts of Appeal are divided on the issue. (*People v. Burgener* (2009) 46 Cal.4th 231, 244.)

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, Acting P. J.

We concur:

CHANEY, J.

JOHNSON, J.

3